IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Susan Terrizzi,

              Plaintiff,

v.

Gurstel Chargo, P.A.,

              Defendant.

File No. 12-cv-1701 (JRT/TNL)

**ORDER OPINION**

Mark L. Vavreck, Martineau, Gonko & Vavreck, PLLC, 401 North Third Street, Suite 600, Minneapolis, MN 55401 (for Plaintiff); and

Spencer J. Seamans, Gurstel Chargo, PA, 6681 Country Club Drive, Golden Valley, MN 55427 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion to Amend Complaint (Docket No. 9). A hearing was held on January 10, 2013. (Docket No. 16.) Mark Vavreck appeared on behalf of Plaintiff Susan Terrizzi ("Terrizzi"), and Spencer Seamans appeared on behalf of Defendant Gurstel Chargo, P.A. ("Gurstel Chargo").

**I.**

Terrizzi commenced this action against Gurstel Chargo, a law firm, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Docket No. 1 (Compl.) at ¶¶ 1, 5.) The central dispute involves Gurstel Chargo's attempt to collect a debt from Terrizzi on behalf of Capital One Bank. (Compl. at ¶ 17.)

Todd Gurstel ("Attorney Gurstel"), an attorney with Gurstel Chargo, previously represented Terrizzi in a matter involving allegations of fraud perpetrated on Terrizzi's Capital One Bank account, among other accounts. (Compl. at ¶¶ 7-9; *see also* Docket No. 14-1 (Proposed Am. Compl.) at ¶ 15.) After representation was terminated, Terrizzi received notice that Gurstel Chargo had been retained by Capital One Bank to collect a debt owing on the same Capital One Bank account. (Compl. at ¶¶ 11-13.) Due to Gurstel Chargo's prior representation of Terrizzi, she claims that the current representation of Capital One Bank is materially adverse to her interest; Gurstel Chargo did not receive informed consent, confirmed in writing, from Terrizzi before representing Capital One Bank; and the debt Gurstel Chargo is attempting to collect from Terrizzi is a product of Terrizzi's adherence to Gurstel Chargo's legal advice. (Compl. at ¶¶ 14, 16-17.)

In the instant motion, Terrizzi seeks leave to include claims against Attorney Gurstel personally as well as amendments to the factual content and claims of the original complaint against Gurstel Chargo. (Proposed Am. Compl. at ¶¶ 4-53.) Gurstel Chargo opposes the motion, arguing that the proposed claims against Attorney Gurstel are futile. (Docket No. 15 (Def.'s Mem. in Opp'n) at 1, 3.) There is no opposition to Terrizzi's proposed amendments to the factual allegations and claims concerning Gurstel Chargo. (Def.'s Mem. in Opp'n at 1.)

## II.

### A. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that, absent amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rules further provide that "the court should freely give leave [to amend] when justice so requires." *Id.* "However, there is no absolute right to amend and a finding of 'undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment' may be grounds to deny a motion to amend." *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (quoting *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)). "The decision as to whether to grant leave to amend is entrusted to the sound discretion of the district court." *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

### B. FUTILITY

"When, as here, futility is raised as a basis for opposing any proposed amendments to a complaint, the court must determine whether the proposed claims state a claim for relief . . . ." *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928225, at *20 (D. Minn. Jan. 25, 2012); *see also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." (citation

omitted) (internal quotation marks omitted)); *Block v. Toyota Motor Corp.*, File Nos. 10-cv-2802 (ADM/AJB), 10-cv-2803 (ADM/AJB), 10-cv-2804 (ADM/AJB), 10-cv-2805 (ADM/AJB), 795 F. Supp. 2d 880, 886 (D. Minn. June 13, 2011) ("Amendment is futile where the proposed amended complaint fails to state a claim under the analysis for a Rule 12(b)(6) motion."). Thus, whether the proposed amended claims state a claim for relief turns on whether the amended complaint would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Terrizzi's proposed amendments must meet the pleading standards expressed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

> The pleading standard . . . does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

4

*Iqbal*, 556 U.S. at 663 (citations omitted) (quoting *Twombly*, 550 U.S. at 555–57, 570). While the proposed amendments do not need "detailed factual allegations," the factual allegations asserted must be more than "speculative." *See Twombly*, 550 U.S. at 555.

### C. DEBT COLLECTOR STATUS UNDER THE FDCPA

"In order to establish a violation of the FDCPA, [Terrizzi] must, as a threshold matter, demonstrate that [Attorney Gurstel] is a 'debt collector.'" *Owens v. Hellmuth & Johnson, PLLC*, No. 07-cv-4741 (RHK/AJB), 550 F. Supp. 2d 1060, 1065 (D. Minn. 2008) (citing *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-cv-3103 (RHK/AJB), 2007 WL 2695795, at *2 (D. Minn. Sept. 12, 2007). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person." *Id.* § 1692k(a).

Gurstel Chargo argues that Terrizzi's proposed claims against Attorney Gurstel would not survive a motion to dismiss because "the factual allegations and matter of the proposed amended complaint do not show that Attorney Gurstel violated the [FDCPA]." (Def.'s Mem. in Opp'n at 1.) Specifically, Gurstel Chargo argues that the proposed amended complaint fails to assert facts that Attorney Gurstel was a "debt collector" and took specific actions to collect "debts" from Terrizzi in violation of the FDCPA. (Def.'s Mem. in Opp'n at 2-3.) This Court agrees.

5

Terrizzi alleges that Attorney Gurstel is a "debt collector" as defined by the FDCPA and, as such, violated 15 U.S.C. §§ 1692d-1692f in his alleged efforts to collect Terrizzi's owing debt. (Docket No. 14-1 (Proposed Am. Compl.) at ¶¶ 8, 45, 47-48.) Terrizzi, however, fails to provide any factual allegations pertaining to Attorney Gurstel's alleged efforts to collect the debt. Instead, Terrizzi generally refers to three letters sent by and a voice message received from Gurstel Chargo to support claims that Attorney Gurstel used instrumentalities to collect Terrizzi's alleged debt. (Proposed Am. Compl. at ¶¶ 23, 28, 33, 35.) The absence of how Attorney Gurstel took part in the transmission of these communications is fatal to Terrizzi's claims against Attorney Gurstel. The proposed amendments do not, for example, allege that Attorney Gurstel drafted or signed the letters, or that he was the individual who left the voice message. Although the proposed amendments regarding Attorney Gurstel do not need "detailed factual allegations," the factual allegations must do more than "speculate" that Attorney Gurstel took part in communicating with Terrizzi. *See Twombly*, 550 U.S. at 555.

Further, Terrizzi merely "labels" Attorney Gurstel as a "debt collector." Without any facts alleging that Attorney Gurstel used an "instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," Terrizzi has not sufficiently pleaded that Attorney Gurstel is a "debt collector" for purposes of the FDCPA. *See* 15 U.S.C. § 1692a(6). All of Terrizzi's proposed claims against Attorney Gurstel apply only to persons recognized as "debt collectors." *See* 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt."); § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."). Because Terrizzi fails to allege that Attorney Gurstel is a "debt collector" under the FDCPA, claims that Attorney Gurstel violated 15 U.S.C. §§ 1692d-1692f are futile. Terrizzi's motion is therefore denied with respect to all claims and factual allegations against Attorney Gurstel.

### III.

Based upon the memoranda, the arguments of counsel, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Terrizzi's Motion to Amend Complaint (Docket No. 9) is **GRANTED IN PART** as to all claims and factual allegations against Defendant Gurstel Chargo, and **DENIED IN PART** with respect to all claims and factual allegations against Attorney Gurstel.

Dated: March 21, 2013         *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Terrizzi v. Gurstel Chargo, P.A*
File No. 12–cv–1701 (JRT/TNL)